## J. S. CASTELL v. STATE.

No. A-8778.   May 3, 1935.
(44 Pac. [2d] 898.)

J. Q. A. Harrod and Laynie W. Harrod, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith G. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county of manslaughter in the first degree and his punishment fixed at seven years in the state penitentiary.

At the time charged defendant and his family and Lee Roy Craig and his family lived in Linwood addition to Oklahoma City, in apartments opposite each other, with a driveway between. Some ill feelings had arisen between them from the use of the driveway and from some trivial difficulty between their children. On the date charged, about 6 o'clock p. m., a personal altercation between deceased and his wife on the one hand and defendant and his wife on the other occurred on this driveway. Defendant came out with a pistol on his person and with a broomstick in his hand, and Craig came out with the roller of a window shade in his hand. After a slight scuffle, Craig started to leave the scene, either running or in a fast walk, and defendant fired one shot, the bullet entering the back of Craig and coming out above the heart, inflicting a wound which resulted in death in a few minutes.

The defendant interposed the plea of self-defense and sought to justify the killing by proof of threats by deceased and testimony that at the time deceased left the scene he said, in substance, he was going to get a gun to kill defendant. This was contradicted by the state's testimony.

The defendant was well represented and the issue of self-defense was fully and correctly submitted to the jury.

The evidence for the state amply sustains a conviction of manslaughter in the first degree.

This case falls squarely within the settled rule of this court that where the evidence is conflicting and that on the part of the state is such the jury may reasonably and logically find the guilt of accused, it will not set aside a conviction on the ground it is not warranted by the evidence. In such case, weight of the evidence and the credibility of the witnesses is for the jury.

The case is affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.